UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

WILLIE BRIGHT,

                       Plaintiff,

     v.                                      9:23-cv-01105 (AMN/ML)

D. MCINTOSH *et al.*,

                       Defendants.

_____

APPEARANCES:                                 OF COUNSEL:

**WILLIE BRIGHT**
91-A-4231
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
Plaintiff *pro se*

**HON. LETITIA A. JAMES**                  **RACHAEL OUIMET, ESQ.**
New York State Attorney General      Assistant Attorney General
The Capitol
Albany, New York 12224
*Attorney for the Moving Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

On August 31, 2023, plaintiff *pro se* Willie Bright ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 against dozens of defendants (collectively, "Defendants") in connection with his incarceration at Clinton Correctional Facility. Dkt. No. 1 ("Complaint"). The Court evaluated the sufficiency of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A and, on February 28, 2024, dismissed numerous claims and defendants and

1

determined that more than a dozen claims against seventeen named defendants and various "Doe" defendants were sufficient to require a response.  Dkt. No. 11; Dkt. No. 86 at 2.

On May 21, 2025, Defendants Donita McIntosh, Earl Bell, Amy Sweeney, Charles Durkin, Todd Strack, B. Eggleston, Derreck LaForest, Meagan Scott, Greg Savage, Gail Cleveland, Sohail Gillani, Patrick McCoy, Anthony Annucci, Tanie Harrigan, Mary Beth Gillen, and D'Amico (collectively, the "Moving Defendants") responded to the Complaint and moved for partial summary judgment, for failure to exhaust certain of Plaintiff's claims, and to dismiss certain of Plaintiff's claims for failure to state a claim.  Dkt. No. 61 (the "Motion").  This matter was referred to United States Magistrate Judge Miroslav Lovric, who considered the parties' submissions and, on December 23, 2025, issued a report-recommendation and order recommending that the Motion be granted in part and denied in part.  Dkt. No. 98 ("Report-Recommendation"); *see also* Dkt. Nos. 64-65.  Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  Dkt. No. 98 at 49.[1]  The Court received a submission from Plaintiff on January 9, 2026.  Dkt. No. 100.  For the reasons set forth below, the Court adopts the Report-Recommendation.

## II.    LEGAL STANDARD

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F.

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the document's internal pagination.

Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal

3

framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

### A. Partial Motion for Summary Judgment

With respect to the Moving Defendants' request for partial for summary judgment, Magistrate Judge Lovric reviewed the admissible evidence from the parties and identified no genuine dispute of material fact regarding Plaintiff's failure to administratively exhaust his (i) First Retaliation Claim; (ii) Second Retaliation Claim against Defendant Bell; (iii) Fifth Retaliation Claim against Defendant Gillen; (iv) Fifteenth Retaliation Claim against Defendants McIntosh and Sweeney; (v) Seventeenth Retaliation Claim against Defendants McIntosh and Harrigan; (vi) First Medical Indifference Claim against Defendant Gillen; (vii) Fourteenth Amendment substantive due process claim against Defendant McIntosh; (viii) Second Medical Indifference Claim against Defendants McIntosh and Sweeney; and (ix) Fifth Medical Indifference Claim. Dkt. No. 98 at 11-14, 24-32. As detailed in the Report-Recommendation, there is no evidence that Plaintiff had submitted any grievances relating to eight of these claims, and no evidence that he had completed the multi-step grievance process for the ninth claim. *Id.* at 25-26. Magistrate Judge Lovric also considered, as a matter of special solicitude given the absence of argument from Plaintiff on the issue,[2] whether any exception to the administrative exhaustion requirement might apply. *Id.* at 29-32. After determining that no exception applied, Magistrate Judge Lovric recommended granting the Moving Defendants' Motion for partial summary judgment and dismissing these nine claims for failure to exhaust. *Id.* at 32.

To the extent Plaintiff's submission is timely, it only offers general objections to these

---

[2] Plaintiff's submission did indicate that he had successfully completed the grievance process more than twenty times in the years before and after the events at issue in his Complaint. *Compare* Dkt. No. 64 at 6, *with* Dkt. No. 11 at 4-17 (describing Complaint's allegations).

findings. *See generally* Dkt. No. 100.[3] As a result, the Court reviews the findings for clear error. *Petersen*, 2 F. Supp. 3d at 228.  Plaintiff identifies no portion of the summary judgment record or Plaintiff's related arguments that Magistrate Judge Lovric overlooked, and no error with Magistrate Judge Lovric's legal analysis.  As for Plaintiff's conclusory arguments regarding exhaustion, even though Magistrate Judge Lovric already addressed similar contentions, *see, e.g.,* Dkt. No. 98 at 28 ("Plaintiff fails to provide a copy of his grievances or identify the dates that he allegedly filed grievances for [any of the eight claims] . . . . Moreover, Plaintiff fails to provide a copy of his appeals to CORC or identify the dates that he allegedly appealed for [any of the nine claims] . . . . As a result, I find Plaintiff's unsupported, general assertion that he filed grievances and appealed them are insufficient to establish a genuine issue of material fact.") (collecting cases), Plaintiff still provides no specific factual basis on which to reject Magistrate Judge Lovric's findings.  *See, e.g.,* Dkt. No. 100 at 2.  This undercuts Plaintiff's suggestion that an evidentiary hearing was necessary, *id.*, which Plaintiff also does not appear to have requested in his opposition to the Motion, Dkt. No. 64.  In any event, given the summary judgment record as detailed in the Report-Recommendation, an evidentiary hearing was and remains unnecessary.  *See, e.g., Coleman v. Hamilton*, No. 24-cv-00455, 2025 WL 2731047, at *3 (N.D.N.Y. Sept. 25, 2025) ("[T]he Court agrees with Magistrate Judge Evangelista that there is no genuine dispute of material fact regarding Plaintiff's failure to exhaust his . . . claim, and that an evidentiary hearing on the issue is unnecessary.") (citation omitted) (adopting magistrate judge's recommendation, granting defendants' partial motion for summary judgment for failure to exhaust, and denying plaintiff's cross-motion for an evidentiary hearing).

---

[3] Plaintiff's assertion that the Moving Defendants are in default is also not correct, as they requested and received an extension of time to answer the Complaint.  Dkt. No. 62.

### B. Partial Motion to Dismiss

With respect to the Moving Defendants' arguments to dismiss certain of Plaintiff's claims, Magistrate Judge Lovric found, as relevant here,[4] that Plaintiff had plausibly alleged his (i) Second Retaliation Claim against Defendants Strack and McCoy; (ii) Fifth Retaliation Claim against Defendants Gillen and McCoy; (iii) Ninth Retaliation Claim; (iv) Eleventh Retaliation Claim; but had failed to plausibly allege his (v) Fifth Retaliation Claim against Defendants Savage, Cleveland, Scott, and Gillani. Dkt. No. 98 at 34-42. Magistrate Judge Lovric recommended that the Motion be denied in part and granted in part as a result. *Id.* at 46. Plaintiff generally objects to the dismissal of defendants, but does not specifically address these findings, *see generally* Dkt. No. 100, with which the Court discerns no clear error, *Petersen*, 2 F. Supp. 3d at 228.

In sum, the Court finds no clear error in Magistrate Judge Lovric's findings and recommendations regarding the Moving Defendants' Motion.[5] As a result, the Court adopts the Report-Recommendation.

### C. Plaintiff's Pending Requests

On November 6, 2025, the Court issued a decision and order addressing a number of requests from Plaintiff concerning certain of his filings, his multiple requests for counsel, and his appeal of certain text orders by Magistrate Judge Lovric. Dkt. No. 86 ("Prior Appeal"). On

---

[4] The Report-Recommendation also included alternative findings with respect to Plaintiff's First Retaliation and Fifth Medical Indifference Claims. Dkt. No. 98 at 33-34, 42-46. The Court finds it unnecessary to reach, or adopt, the Report-Recommendation's alternative findings regarding the merits of these claims, given that both claims are subject to dismissal for failure to exhaust.

[5] Magistrate Judge Lovric also concluded that there were no pending claims against Defendant John Doe Medical Escort Sergeant, Dkt. No. 98 at 48 n.50, and Plaintiff's objections do not appear to argue otherwise, Dkt. No. 100 at 2-3. In fact, another of Plaintiff's submissions clarifies that two of the Defendants he has named are actually the same person, Dkt. No. 95 at 2 ("[T]he Mess Hall Sgt. . . . is the same John Doe Sgt. who escorted me to medical[.]"), and thus this person remains in the case at this juncture, as Defendant John Doe Mess Hall Escort Officer.

December 12, 2025, Plaintiff again appealed certain text orders by Magistrate Judge Lovric. Dkt. No. 95.

As detailed in the Prior Appeal, Dkt. No. 86 at 4-5, this Court reviews a magistrate judge's order regarding nondispositive pretrial matters under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Lewis v. Adirondack Med. Ctr.*, No. 24-cv-376, 2024 WL 4448870, at \*2 (N.D.N.Y. Oct. 9, 2024) (citation omitted). The Court discerns no abuse of discretion within Magistrate Judge Lovric's decision or reasoning, and no prejudice to Plaintiff. Dkt. Nos. 90, 94. Plaintiff's arguments regarding discovery, Dkt. No. 95 at 1-3, remain premature, as explained in the Prior Order, Dkt. No. 86 at 9 & n.3 ("[I]n the event one or more of the named defendants answers the complaint, a Mandatory Pretrial Discovery and Scheduling Order shall issue . . . . The Scheduling Order will also (1) set a deadline for amended pleadings, and (2) require that counsel produce documents regarding the potential identify of any remaining 'Doe' defendant."). Similarly, Plaintiff's renewed arguments regarding other procedural items and the appointment of counsel were also previously addressed at length in the Prior Order, and remain unpersuasive for those reasons.[6] *Id.* at 4-14.

## III.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 98, is **ADOPTED**; and the Court further

---

[6] Plaintiff's further requests for the appointment of counsel, Dkt. Nos. 99, 101, are also denied for these reasons. Dkt. No. 86 at 7-10.

**ORDERS** that the Moving Defendants' motion for partial summary judgment, Dkt. No. 61, is **GRANTED**; and the Court further

**ORDERS** that that the following nine claims are dismissed because Plaintiff failed to exhaust his administrative remedies: (i) First Retaliation Claim; (ii) Second Retaliation Claim against Defendant Bell; (iii) Fifth Retaliation Claim against Defendant Gillen; (iv) Fifteenth Retaliation Claim against Defendants McIntosh and Sweeney; (v) Seventeenth Retaliation Claim against Defendants McIntosh and Harrigan; (vi) First Medical Indifference Claim against Defendant Gillen; (vii) Second Medical Indifference Claim against Defendants McIntosh and Sweeney; (viii) Fifth Medical Indifference Claim; and (ix) Fourteenth Amendment Due Process claim against Defendant McIntosh; and the Court further

**ORDERS** that the Moving Defendants' partial motion to dismiss, Dkt. No. 61, is **GRANTED to the extent** that Plaintiff's Fifth Retaliation Claim against Defendants Savage, Cleveland, Scott, and Gillani is **DISMISSED**, and is otherwise **DENIED**; and the Court further

**ORDERS** that Defendants Annucci, Bell, Gillen, Gillani, Sweeney, D'Amico, Scott, and John Doe Medical Escort Sergeant be **TERMINATED** from this action; and the Court further

**ORDERS** that Plaintiff's pending requests, Dkt. Nos. 95, 99, and 101, are **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.[7]

    **IT IS SO ORDERED.**

Dated: March 16, 2026
      Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge

---

[7] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.